53,564-19,20

JANUARY 5th, 2015

ABEL ACOSTA, CLERK                    LAWRENCE GENE QUINTON
P.O. BOX 12308                        # 915236 WYNNE UNIT
CAPITOL STATION                       810 FM 2821
AUSTIN, TEXAS 78711                    HUNTSVILLE, TEXAS 77349

MOTION DENIED               RECEIVED IN
DATE: 1/20/15               COURT OF CRIMINAL APPEALS
BY: PC                      JAN 12 2015

                           Abel Acosta, Clerk

DEAR CLERK:

Please find enclosed for filling in your court the original
PETITION FOR REHEARING ENBANC, of the Applications for Writ
of Habeas Corpus. Also, enclosed is the original of this cover
letter. Please, stamp the filing date on the original cover
letter; and send it back to me within the self-addressed postage
pre-paid envelope that I have provided for you!


Accordingly, I want to thank You for your kind assistance in
this very important matter herein! Again, I Thank You!!!


Sincerely,

LAWRENCE G. QUINTON          Pro se


LGQ/rm

NO. _____

| | | |
|---|---|---|
| IN RE LAWRENCE GENE QUINTON | § | IN THE COURT OF |
| # 915236 WYNNE UNIT | § | CRIMINAL APPEALS |
| HUNTSVILLE, TEXAS | § | FOR THE |
| VS. | § | STATE OF TEXAS |
| | § | |
| THE STATE OF TEXAS | § | AUSTIN, TEXAS |

## PETITION FOR REHEARING ENBANC

## OF THE APPLICATIONS FOR WRIT OF HABEAS CORPUS

TO THE HONORABLE JUDGE OF THE COURT OF CRIMINAL APPEALS:

**COMES NOW,** Lawrence Gene Quinton, Petitioner hereafter; and files this Petition For Rehearing Enbanc. Petitioner is requesting this Honorable Court to review and address his Plea within his Applications For Writ of Habeas Corpus styled under [WRit Nos. 53,564-19 and 53,564-20]. Petitioner is also asking this Honorable Court not to hold the previous writ filings against him for the lack of legal knowledge, and his short-coming of the required legal process.

Wherefore, Petitioner do here and now does apologize for any harm that he may have caused this Honorable Court. Whereas, Petitioner is not an attorney; and should not be held to the stringent legal process as required of lawyers. Therefore, in support of this Petition For Rehearing Enbanc, Petitioner shows this Honorable Court the following:

Wherefore, the trial court's judge [Matt Johnson] ordered Petitioner to file these Applications For writ of Habeas Corpus at bar, of both causes within an order signed on July 14, 2014. Thereafter, the trial court could adjudicate Petitioner's newly discovered evidence pursuant to the guide-lines of article 11.07. Please see, the trial court judge's order filed with the clerk's office on July 18, 2014. Wherefore, this Honorable Court has accused Petitioner with the filing of 7 previous applications for writ of habeas corpus whereas, 2 of Petitioner's previous filings were that of applications for writ of mandamus; and therefore, those 2 filings should not be counted against Petitioner for an abuse of writ.

Therefore, in accordance with due diligence or reasonable diligence there's no way that Petitioner could have presented His newly discovered evidence within exhibits 1 and 2 attached to His memorandum. Whereas, the clerk was unaware of these constitutional errors; to which she [Karen Matkin] researched and filed her findings in November, 2008, which are the results of Petitioner's newly discovered evidence within exhibits 1, and 2. Petitioner asserts that, the newly discovered evidence was found only through a diligent search by his investigator hired by his family. Therefore, Petitioner should not be held to such a stringent diligent legal process whereas, Petitioner is not a lawyer or a private investigator!

Petitioner contends that, he has a constitutional right to be heard through the legal process upon presenting new or newly discovered evidence pursuant to article 1.08 of the Texas Code of Criminal Procedure, which provides: "The writ of Habeas Corpus is a writ of right and shall never be suspended." Article 1.08 Acts. 1965 59th Leg., vol 2, p. 317, ch. 722 eff. 1/1/1966: Wherefore, Petitioner has no other remedy before him to use to address the legal matters of his wrongful incarceration. Whereas, article 11.01 provides: "The writ of Habeas Corpus is the remedy to be used when any person is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and to show why he is held in custody or under restraint." Article 11.01 Texas Code of Criminal Procedure.

## III.

Petitioner asserts that, the newly discovered evidence has never been reviewed or adjudicated upon the merit. And if reviewed and adjudicated this Honorable Court would agree with Petitioner as to being restrained of his liberty in direct violation of his 4th amendment of the United States Constitution. Petitioner contends that, he had no way of knowing about this evidence in question prior but, through his trial counsel of

which refused to perform any type of independant investigation into Petitioner's cases which brought egregious harm to these causes. "Error which results in egregious harm are those which affects the basis of the case, deprives the defendant of 'valuable rights' or 'vitally affects' a defensive theory." MARSHALL v. STATE, 2014 Tex. App. LX 3553.

Petitioner contends further that, this Honorable court should hold the trial court and the prosecutors to the full extent of the State and Federal Constitutions; as well as the governing laws of this state, just as it did within the cases of GREEN v. STATE, 872 S.W. 2d 717 (Tex. Cr. App. 1994), and WEEMS v. STATE, 167 S.W. 3d 350 (Tex. Crim. App. 2005); and therefore, require the prosecutors to produce the warrants and supporting affidavits of which it relied upon for probable cause to justify Petitioners arrest pursuant to the 4th amendment of the United States Constitution to ensure that Petitioner's rights were fully protected.

## IV.

Petitioner asserts that, he does not take lightly the legal process required by this Honorable court and never will intentionally abuse this process! Wherefore, this Honorable court is the only avenue Petitioner has to seek justice within his cases. Therefore, Petitioner is requesting this Honorable court to Grant this Rehearing Enbanc so that justice can prevail,

Petitioner's newly discovered evidence can be reviewed. Whereas, Petitioner's evidence can be found for review in the exhibits attached to his memorandum which are persuasive and prevalent in proving his claims of constitutional violations.

Wherefore, Petitioner has been continuously deprived of his liberty, and fundamental rights, as well as, his equal rights protection. Here in this country of the United States of America to which has the wisest and freest of any government but, still allows constitutional violations to go senselessly unchecked. Yes, Petitioner's situation is unfortunate but; that only means that our constitutions has significant flaws, or the legal system that we possess for sure. Therefore, this Honorable court has a duty to uphold the validity of both constitutions against all violations regardless of who presents the violations to be heard. Wherefore, the trial court's records raises many questions as to their subjest-matter jurisdiction please see, SANCHEZ v. STATE, 120 S.W. 3d 359 (Tex. Crim. App. 2003).

## V.

Petition contends to this end that, he has here an extraordinary situation that which calls for an extraordinary writ. Whereas, in such extreme circumstances this Honorable court does have the constitutional authority to forsgo an order of Writs of Habeas Corpus! Petitioner would also assert that,

He must emphasize the risks of public passions about our constitution, and the endangering of what is seen as the fundamental rights of the people of this state and the stability of the constitution! Wherefore, the Legislature has set forth our constitution to be followed word for word as its language specially expresses. Therefore, if Petitioner's constitutional violations are allowed to stand in direct violation of both said constitutions; then our constitutions are of no avail!

Therefore, this Honorable Court has the duty authority regardless of what seems to be more popular to any others; and the jurisdiction and which also possesses the requisite stability and remedy to correct these errors of constitutional violations within Petitioner's causes at bar. Wherefore, ends of justice requires this Honorable Court to do so in Granting the relief in which Petitioner seeks herein.

## PRAYER

WHEREFORE, PRIMISSES CONSIDERED, Petitioner prays that, this Honorable Court shall in all respect <u>Grant</u> this Petition For Rehearing Enbanc, thereby moving to review Petitioner's Applications for Writ of Habeas Corpus with the memorandum in support and all the exhibits attached therewith. Whereas, ends of justice would require such review!

Respectfully submitted,

LAWRENCE G. QUINTON          Pro se

## CERTIFICATE OF SERVICE

This is to certify that, a true and correct copy of this Petition For Rehearing Enbanc was sent to the Clerk listed below: Therefore, I Lawrence Gene Quinton, do hereby certify that, same in the above styled and numbered cause of action are true and correct to the best of my knowledge; and under the penalty of perjury, I do here and now certify that, same was placed within the prison mail box system. This being duly done on the ___5th___ DAY OF ___JANUARY___, 2015.


_____
Lawrence G. Quinton        Pro se



ABEL ACOSTA, CLERK
COURT OF CRIMINAL APPEALS FOR TEXAS
P.O. BOX 12308
CAPITOL STATION
AUSTIN, TEXAS   78711